294 So.2d 485 (1974)
Mrs. Dorothy CONNER, Individually, and her husband, Ray Conner, for the community
v.
CONTINENTAL SOUTHERN LINES, INCORPORATED.
No. 54187.
Supreme Court of Louisiana.
April 29, 1974.
Rehearing Denied June 7, 1974.
*486 Robert E. Morgan, Baggett, Hawsey, McClain & Morgan, Lake Charles, for plaintiffs-applicants.
Grove Stafford, Jr., Stafford, Pitts & Stafford, Alexandria, for defendant-respondent.
DIXON, Justice.
Plaintiffs seek to recover damages sustained by Mrs. Conner as a result of an injury she suffered while she was a passenger on a bus chartered from the defendant. The accident occurred on December 5, 1969; plaintiffs filed suit on December 3, 1970 against Continental Southern Lines, among others, in Calcasieu Parish a parish of improper venue. December 5, 1970 fell on a Saturday. On Monday, December 7, 1970 service of process was made on Larry T. Dykes, defendant's terminal manager in Lake Charles, Louisiana. On February 21, 1972 the trial court sustained defendant's exception to venue and dismissed the suit.
On May 19, 1972 plaintiffs instituted the present suit in Rapides Parish. Defendant asserted the peremptory exception of prescription which was sustained by the trial court. The Court of Appeal affirmed the judgment. 284 So.2d 137. We granted certiorari.
Continental Southern Lines, Inc. is a Louisiana corporation with its registered office in Alexandria, Louisiana. The corporation is a subsidiary of Continental Trailways, Inc. and conducts the Continental Trailways activities in Louisiana. Continental Southern Lines, Inc. has designated C. T. Corporation System of New Orleans as its agent for service of process.
The plaintiffs contend that the courts below erred in failing to find that service of process made on Mr. Dykes, defendant's terminal manager, interrupted the running of prescription thus making institution of this suit timely.
R.S. 9:5801 provides:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process." (Emphasis added).
This section requires that pleadings be filed and service of process be made within the prescriptive period where the judicial demand has been filed in an incompetent court or a court of improper venue in order to interrupt the running of prescription. See Lipps v. Zor, Inc., 170 So.2d 915 (La.App. 4th Cir. 1965).
C.C.P. 5059 provides:
"In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.

"A half-holiday is considered as a legal holiday. A legal holiday is to be included *487 in the computation of a period of time allowed or prescribed, except when:
"(1) It is expressly excluded;
"(2) It would otherwise be the last day of the period; or
"(3) The period is less then seven days." (Emphasis added).
Under this article and the jurisprudence of this State, where the last day of a prescriptive period falls on a legal holiday, the period is extended until the end of the next day which is not a legal holiday. See, Hebert v. Spano, 233 La. 813, 98 So. 2d 199 (1957); Mansur v. Abraham, 183 La. 633, 164 So. 421 (1935).
When the law allows a person only a limited time in which to commence an action, he should be allowed the full and complete time. Hebert v. Spano, supra.
Defendant argues that C.C.P. 1231, which permits service of process on legal holidays, operates to permit the accrual of prescription where the last day falls on a legal holiday if suit is filed prior to that holiday in an improper court.
We disagree. We are concerned with computation of time in determining when prescription accrues, and that issue is controlled by C.C.P. 5059. When service of process may or may not be made is not controlling.
Where suit is instituted in a court of improper venue and the last day of the prescriptive period falls on a legal holiday, service of process interrupts the accrual of prescription if made on the next day which is not a legal holiday.
Although service of process could have been made on December 7, 1970 so as to interrupt the accrual of prescription, we are confronted with the further question of whether service on the terminal manager, who was not an agent for service of process for the defendant interrupted the running of prescription.
In Nini v. Sanford Bros. Inc., 276 So.2d 262 (1973), we said:
"When the defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted.

. . . . . .
"In Louisiana, the essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved. If suit is filed in a court of competent jurisdiction, prescription is interrupted. Otherwise, if the suit is filed in a court which does not have jurisdiction, prescription is not interrupted until service."
Where service of process is the legal act which interrupts the running of prescription it is essential that the defendant be served. This is the only type of notice permitted or recognized. Knowledge obtained through any other source will not constitute a legal interruption. See, Tanner v. King, 10 La.Ann. 485 (1855); Hill v. Barlow, 6 Rob. 142 (1843). Cf. Vernon v. Illinois Central Railroad Co., 154 La. 370, 97 So. 493 (1923); Anding v. Texas and Pacific Railway Co., 158 La. 412, 104 So. 190 (1925).
C.C.P. 1261 provides in pertinent part:
"Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process."
Service of process directed to a corporate defendant and made on one other than the person authorized to accept such service is illegal and without effect. Martin-Owsley, Inc. v. Philip Freitag, Inc., 202 La. 554, 12 So.2d 270 (1943); Buckley v. S. Abraham Co., 172 La. 845, 135 So. 606 (1931); Collier v. Morgan's Louisiana and Texas Railroad and Steamship Co., 41 La. Ann. 37, 5 So. 537 (1889). Such service of process amounts to no service.
*488 Service of process interrupts the running of prescription even though the process is defective and subject to exception, if it is sufficient to inform the person served of the legal demands made upon him from the described occurrence. See, Vernon v. Illinois Central Railroad Co., supra; Anding v. Texas and Pacific Railway Co., supra; Babin v. Lyons Lumber Co., 132 La. 873, 61 So. 855 (1913). Cf. Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945); Jackson v. American Employers' Insurance Co., 202 La. 23, 11 So.2d 225 (1942). However, the proper person, as designated by law, must be served before service of process will interrupt the running of prescription. The Code of Civil Procedure does not authorize that a distinction be drawn between the persons to be served for the purpose of interrupting prescription and those to be served for other purposes.
In the instant case, the defendant had designated an agent for service of process. C.C.P. 1261 requires that service be made upon that agent. Plaintiff failed to do so timely and thus failed to interrupt prescription before it accrued.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
TATE, J., dissents and assigns written reasons.
CALOGERO and MARCUS, JJ., dissent.
TATE, Justice (dissenting in part).
The majority correctly finds that, since the last day of prescriptive period fell on a legal holiday, the suit could be filed on the first legal day thereafter. However, in my opinion, the majority incorrectly holds that the service on a corporate employee is not sufficient notice to interrupt prescription, that service on the registered agent is sacramental for prescription.
The essence of the interruption of prescription is notice, either constructively by filing if in the proper venue (as permitted by La.R.S. 9:5501), or else by actual service of the citation on or before the last day of the prescriptive period, or upon the first legal day thereafter, if the last day is a legal holiday.
In the present case, the proper service of process should have been upon its registered agent, which was domiciled in Orleans Parish. La.C.Civ.P. art. 1261. However, instead, service was made upon the manager of the Lake Charles office of the defendant corporation. For purposes of notice (even though the service of process could be quashed as incorrect), I think this is sufficient.
Article 1261 itself recognizes that service of the citation may be made upon a corporation, as here, "by personal service on any employee of suitable age and discretion... at any place where the business of the corporation is legally conducted." (albeit this is proper service only where there is no registered agent for one reason or another). The corporation was just as likely (only more quickly) to receive notice of the suit through such service on its employee, as through service upon the registered agent for it (and many other corporations) in Orleans Parish.
The reasoning of this dissent is supported in the line of cases represented by Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945). In these cases, the proper person was not served, but nevertheless prescription was held to be interrupted because service was made upon some closely related person or entity, sufficient to give notice to the true defendant that the judicial claim had been brought.
I therefore respectfully dissent.