365 So.2d 46 (1978)
Ben F. MORRIS, Plaintiff and Appellant,
v.
TRANSWORLD DRILLING COMPANY, Defendant and Appellee.
No. 6669.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Long & Peters, Speedy O. Long and Jimmie C. Peters, Jena, for plaintiff and appellant.
Deutsch, Kerrigan & Stiles, Christopher Tompkins, New Orleans, for defendant and appellee.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
CULPEPPER, Judge.
The sole issue in this suit is the propriety of prejudgment interest on an award in a Jones Act claim brought in a state court. The plaintiff, Ben Morris, filed suit in state court to recover damages for personal injuries from his employer, Transworld Drilling Company, under both the Jones Act and the general maritime law. The jury awarded the plaintiff $85,000 on the basis of the Jones Act claim only, but made no findings as to interest on the award. The trial court ruled that the defendant did not owe interest from the date of demand, but only from the date of judgment. From this ruling, the plaintiff appealed.
Both the parties and the trial court have stated this issue in terms of a conflict between the Louisiana statute, LSA-R.S. 13:4203, and the federal statute, 28 U.S.C.A. § 1961. This court feels that this is not the proper formulation of the problem. LSA-R.S. 13:4203 provides:
"Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts."
The federal statute, 28 U.S.C.A. § 1961 provides:
"Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of entry of the judgment, at the rate allowed by State law."
28 U.S.C.A. § 1961 does not speak to the issue of whether the judgment itself will *47 include prejudgment interest as part of the plaintiff's compensation. Rather, it indicates that the judgment itself will bear interest from the date it is entered, and leaves to other principles of law the issue of whether the judgment itself will contain prejudgment interest as part of the plaintiff's award. West v. Harris, 573 F.2d 873 (5th Cir. 1978); Illinois Central Railroad Company v. Texas Eastern Transmission Corporation, 551 F.2d 943 (5th Cir. 1977); Louisiana & Arkansas Railway Company v. Export Drum, 359 F.2d 311 (5th Cir. 1966). In other words, 28 U.S.C.A. § 1961 deals with interest on a judgment as such, and not with interest on a debt before it is reduced to judgment. Midstates Oil Corporation v. Waller, 207 F.2d 127 (5th Cir. 1953).
For these reasons, the problem in this case is more properly described as a conflict between the Louisiana statute, LSA-R.S. 13:4203, and the federal jurisprudence. The federal courts have consistently held that no prejudgment interest is to be awarded for claims made under the Jones Act. Barrios v. Louisiana Construction Materials Company, 465 F.2d 1157 (5th Cir. 1972); Sanford Bros. Boats, Inc. v. Vidrine, 412 F.2d 958 (5th Cir. 1972). See also Louisiana & Arkansas Railway Company v. Pratt, 142 F.2d 847 (5th Cir. 1944), which involved a FELA claim, and Doucet v. Wheless Drilling Company, 467 F.2d 336 (5th Cir. 1972) which involved a Jones Act claim on the admiralty side of federal court. This is the rule in the other circuits as well. Cortes v. Baltimore Insular Line, 66 F.2d 526 (2d Cir. 1933); Cleveland Tankers v. Tierney, 169 F.2d 622 (6th Cir. 1948).
This rule of law as to Jones Act claims is not to be confused with the principle that in cases brought under the general maritime law, the award of prejudgment interest is within the discretion of the trial court. See Benoit v. Fireman's Fund Insurance Company, 361 So.2d 1332 (La.App. 3rd Cir. 1978); and Canova v. Travelers Insurance Company, 406 F.2d 410 (C.A. 5th Cir. 1969).
The forum state is obliged to follow the substantive federal law in a claim based on a federal cause of action. Minneapolis and St. L.R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961 (1916); Louisiana & Arkansas Railway Company v. Pratt, supra; Southern Natural Gas Company v. Gulf Oil Corporation, 320 So.2d 917 (La.App. 3rd Cir. 1975); Lavergne v. Western Company of North America, Inc., 346 So.2d 239 (La.App. 4th Cir. 1977). See also Chris-Craft Industries, Inc. v. Piper Aircraft Corporation, 384 F.Supp. 507 (S.D.N. Y.1974). Thus the trial court's refusal to grant prejudgment interest on a claim based only on the Jones Act was proper if the federal law as to interest is substantive rather than procedural.
The U. S. Supreme Court has not yet addressed itself to the issue of the propriety of prejudgment interest in a Jones Act or FELA claim brought in a state court. However, there is a trend by the U. S. Supreme Court to narrow the area of the law which is deemed procedural and thereby to shrink the number of instances in which state law, as the law of the forum, will apply. See Charles Wright, Law of Federal Courts, 2d Ed., Sec. 45, Ch. 8. For example, it has been held that state courts in FELA claims must apply the federal rule of liberal construction of the pleadings, a seemingly procedural rule. Brown v. Western Railway of Alabama, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100 (1949).
Additionally, when faced with a state statute allowing prejudgment interest and the contrary jurisprudence under the Jones Act and FELA, the Supreme Court of New Jersey reached the same result as this court in holding that the federal substantive law must be applied and that no prejudgment interest was to be allowed. Wicks v. Central Railroad Company of N.J., 129 N.J.Super. 145, 322 A.2d 488 (1964).
We conclude the federal law as to interest on a Jones Act judgment is substantive and is therefore controlling.
For the above reasons, the judgment appealed is affirmed. All costs of the appeal are to be borne by the plaintiff-appellant.
AFFIRMED.