**Marlin MAXWELL**

v.

**Hyson SWAIN.**

**Civ. A. No. 86–0934–A.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 8, 1986.

Robert C. McCall, Baggett & McCall, Lake Charles, La., for plaintiff.

James M. Thompkins, McGlinchey, Stafford, Mintz, Cellina & Lang, New Orleans, La., for defendant.

### RULING

LITTLE, District Judge.

The facts, not subject to any dispute whatsoever, are unambiguous. Maxwell, a Texas resident and seaman, was injured on 9 June 1981. The injury occurred aboard a ship owned by defendant Swain. Swain has been domiciled in Avoyelles Parish, Louisiana since June of 1982.

Plaintiff filed a suit in the 38th Judicial District Court, Cameron Parish, Louisiana on 4 June 1984. The defendant was served on 28 December 1985. The suit asserts a damage claim under the Jones Act (46 U.S.C. § 688) and general maritime law.

After service, Swain filed a declinatory exception of improper venue. This Louisiana-created procedure in effect provides that the plaintiff's suit should be dismissed as Cameron Parish is not a proper venue. The defendant does not live in Cameron Parish and the accident did not occur in that parish. In partial support of his position the defendant filed an affidavit in the state court proceeding asserting that Avoyelles Parish, Louisiana was his domicile since June of 1982. That essential fact is uncontested.

The defendant's exception was evidently meritorious in that plaintiff's suit was dismissed with prejudice at his cost by judgment dated 17 July 1986. But plaintiff's counsel anticipated the judgment. On 28 April 1986 plaintiff filed a suit in the U.S. District Court for the Western District of Louisiana asserting the same causes of action created by the Jones Act and general maritime law as were asserted in the state court action. The defendant's parry precipitated by the plaintiff's thrust was a motion for summary judgment filed in August of

1986. The plaintiff's action has prescribed, or so the defendant asserts. It is the issue of prescription which this Court now addresses.[1]

The parties agree that the term provided by the applicable statute of limitations for Jones Act and general maritime law actions is three years. 45 U.S.C. § 56 and 45 U.S.C. § 763(a). The federal suit in the Western District of Louisiana was filed on 28 April 1986, clearly more than three years after the accident of 9 June 1981. Case dismissed!.

Not so fast responds the plaintiff. The suit in Cameron Parish, Louisiana was filed within the three-year period and that filing is sufficient to toll the statutes of limitation.

The source material necessary to solve this problem is not found in Louisiana law or jurisprudence nor the law or jurisprudence of any other state. The fountain is purely federal and is provided by *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). There a FELA action was commenced in a state (Ohio) competent to adjudicate the controversy but in an improper venue. After service on the defendant, the suit was dismissed as Ohio law required a proper venue. The plaintiff filed another suit in a proper federal forum but after expiration of the three-year period.

In analyzing the rule of prescription in FELA actions, which is also applicable to Jones Act matters (see *Engel v. Davenport,* 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926)), the Supreme Court concluded that even though Congress granted the state courts' concurrent jurisdiction with federal courts it did not intend to create fifty different procedures for tolling or suspending the prescriptive period when state court suits are filed in an improper venue. The Congress-created right demands uniformity. *Burnett v. New York Central Railroad Co., supra* 380 U.S. at 433 and 435, 85 S.Ct. at 1057 and 1058. The rule of *Burnett* is seemingly simple:

> These considerations thus lead us to conclude that when a plaintiff begins a timely FELA action in a state court having jurisdiction *and* serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation period is tolled during the pendency of the state suit.

*Burnett, supra,* at 434, 85 S.Ct. at 1057 (emphasis supplied). In the case *sub judice,* defendant resides in Louisiana. The Louisiana court system has jurisdiction. The suit was filed within the three-year period. The only remaining judgment is the determination of service. Here, service was eighteen months after the expiration of the three-year period. The question then becomes does the filing and the service have to occur during the three-year period in order to toll the federal statute during the pendency of the state suit? Although *Burnett, supra,* does not answer that specific question, the philosophy of the case demands an answer in the affirmative. Were it not that way, then suits filed and never served would operate to suspend prescription for an unreasonable period of time. The defense of laches would not be available as *Burnett* prohibits the application of that equitable remedy to this problem.

It is the ruling of this Court that a Jones Act-general maritime suit filed in a state competent to adjudicate the controversy but in an improper venue interrupts prescription if the suit is filed and served within three years of the accrual of the cause of action. Defendant Swain was not served within three years and therefore plaintiff's suit has prescribed.

---

**1.** Suit was also filed on 1 June 1984 in the Eastern District of Texas but was dismissed pursuant to local rules since service had not been effectuated within 120 days. The parties agree that a dismissal without prejudice for failure to prosecute does not toll the statute of limitations.