Marlin MAXWELL, Plaintiff-Appellant,

v.

Hyson SWAIN, Defendant-Appellee.

No. 87–4012.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1987.

Robert C. McCall, Charles, La., for plaintiff-appellant.

James M. Thompkins, New Orleans, La., for defendant-appellee.

1. See 46 U.S.C. § 688.

Before REAVLEY, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The district court granted summary judgment for defendant on the ground that plaintiff's suit was prescribed, holding that a pending state suit in a court of improper venue will toll the running of the federal limitation only if the suit is timely filed and if service of process is obtained within the statutory period, 649 F.Supp. 645 (W.D.La. 1986). We are unpersuaded that insisting on service of process within the limitation period implements the policy behind the limitation period.

I

Marlin Maxwell was injured while a seaman aboard a ship owned and operated by Hyson Swain. Within the three year statute of limitations [1] Maxwell filed suit under the Jones Act in federal court in Texas and in a state court in Louisiana. The federal suit was dismissed for lack of prosecution, and the state suit was dismissed for improper venue. Maxwell then filed suit in federal court in Louisiana. That district court granted summary judgment for Swain, holding that the second federal suit had not been filed within the three year statute of limitations.

The court held that the state suit did not toll the statute of limitations because process was not served within the statutory period. Whether both the filing of the state suit and service of process must occur within the statutory period in order to toll the statute of limitations is the only issue before this court on appeal.

II

We begin with the Supreme Court's decision in *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13

L.Ed.2d 941 (1965). In *Burnett,* an Ohio state court dismissed a FELA case for lack of proper venue. The plaintiff filed an identical action in federal court. The federal district court dismissed the suit, holding that the suit was time barred. The Sixth Circuit affirmed the dismissal, but the Supreme Court reversed, explaining that:

> when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action.[2]

*Burnett* is apposite because the FELA rule of prescription is applicable to Jones Act cases,[3] and because the statute of limitations for both actions is the same three-year period.[4] However, the *Burnett* opinion did not explain whether process was served within the statutory period.

The *Burnett* court emphasized that "the humanitarian purpose of FELA makes clear that Congress would not wish a plaintiff deprived of his rights when no policy underlying a statute of limitations is served in doing so." [5] Limitations of actions ensure fairness to defendants and bar plaintiffs who sleep on their rights.[6] They serve a strong policy of repose:

> Statutes of limitation, like the equitable doctrine of laches, in their conclusive ef-

fects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.[7]

Where suit has been filed within the period of limitation, a defendant has been put on notice of the claim, and service is effected within a reasonable time, there is little to be gained by refusing to toll the federal limitation because actual service of process was not achieved within the statutory period. This assertion is common place. Although certain state statutes require both timely filing and service of process before a statute of limitation is tolled,[8] federal courts have held that federal limitation periods are tolled from the date that a suit is filed as long as service is effected within a reasonable time.[9] Today we adhere to similar reasoning to toll the federal limitation when suit is filed in a state court lacking venue.

### III

Of course, whether service was effected within a "reasonable time" must be deter-

---

2. *Burnett,* 380 U.S. at 428, 85 S.Ct. at 1054.

3. *See Kernan v. American Dredging Co.,* 355 U.S. 426, 439, 78 S.Ct. 394, 401, 2 L.Ed.2d 382 (1958).

4. *See* note 1, *supra.*

5. *Burnett,* 380 U.S. at 434, 85 S.Ct. at 1057. The Jones Act has a similar humanitarian purpose. Our rule, however, is not limited to Jones Act cases.

6. *See Burnett,* 380 U.S. 428, 85 S.Ct. at 1054.

7. *Order of Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1943).

8. *See, e.g., Merz v. Hemmerle,* 90 F.R.D. 566 (D.C.N.Y.1981) (New York law); *Calhoun v. Ford,* 625 F.2d 576 (5th Cir.1980) (Louisiana law); *Panhandle Eastern Pipe Line Co. v. Brecheisen,* 323 F.2d 79 (10th Cir.1963) (Kansas law).

9. *See Jordan v. United States,* 694 F.2d 833 (D.C. Cir.1982) (suits against the United States); *United States v. Wahl,* 583 F.2d 285 (6th Cir.1978) (suits under 28 U.S.C. § 2415(a)); *Windbrooke Dev. Corp. v. Environmental Enterprises, Inc.,* 524 F.2d 461 (5th Cir.1975) (Bankruptcy Act); *Williams v. E.I. du Pont de Nemours Co.,* 581 F.Supp. 791 (D.C.Tenn.1983) (Labor Management Relations Act); *Prather v. Raymond Construction Co., Inc.,* 570 F.Supp. 278 (N.D.Ga. 1983) (Title VII); *Ratcliffe v. Insurance Co. of North America,* 482 F.Supp. 759 (E.D.Pa.1980) (Civil Rights Act of 1964); *Janus v. J.M. Barbe Co.,* 57 F.R.D. 539 (N.D.Ohio 1972) (personal injury). *See also* Fed.R.Civ.P. 3; Wright and Miller, Federal Practice and Procedure § 1053 (1987). *But see Murray v. United States Postal Service,* 550 F.Supp. 1211 (D.Mass.1982) (Federal Tort Claims Act requires both filing and service of process).

mined on a case-by-case basis. Here, Maxwell did not sleep on his rights, but made every effort to locate and serve Swain with process, and Swain had notice of the suit well within the statutory period although he was not served within that period. Maxwell was injured on June 9, 1981. On September 15, 1981 and October 1, 1981, Maxwell's attorney sent certified letters to Swain notifying him of the claim. The return receipts on both of those letters were signed by Swain, although he did not respond to the letters. In April 1982, Maxwell's attorney contacted the U.S. Marshal's office in Beaumont, Texas, Swain's last known address, seeking information as to the whereabouts of Swain.

Over the next two years, Maxwell made several attempts to locate Swain. In May 1984, a private process server was appointed by the Texas federal court. Also in May, Maxwell attempted to serve Swain under the long arm statute. In November 1985, Maxwell's new counsel hired a private investigator to locate Swain. Finally, Swain was located in Ruby, Louisiana at an unpublished phone number, and service of process was achieved through general delivery at the Ruby Post Office on December 28, 1985.

We cannot say why it was so difficult to locate and serve this defendant with process, but we are persuaded that it was not for Maxwell's lack of trying. Since Swain had notice of the claim as early as September 1981 and since Maxwell did not "sleep on his rights," no policy underlying the statute of limitations would be served by denying this plaintiff his day in court.

We REVERSE and REMAND for proceedings on the merits.