570 So.2d 548 (1990)
Rafael MEJIA
v.
LINEAS MARITIMAS DE SANTO DOMINGO.
No. 90-CA-0077.
Court of Appeal of Louisiana, Fourth Circuit.
November 15, 1990.
Gerard T. Gelpi, Barry L. LaCour, Brian L. Thompson, Gelpi, Sullivan, Carroll & Laborde, New Orleans, for defendant.
*549 Bruce C. Waltzer, Paul S. Weidenfeld, Waltzer & Bagneris, New Orleans, for plaintiff.
Before KLEES, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff appeals from a judgment granting defendants' declinatory and peremptory exceptions which raise the objections of insufficiency of service of process, improper venue, the court's lack of personal jurisdiction over the person of defendant and prescription. Defendants cross-appeal, claiming the trial court erred in denying their exceptions which raise the objections of no cause of action and forum non conveniens. For the reasons provided, we affirm.

FACTUAL HISTORY
Plaintiff, Rafael Mejia, is a citizen and resident of the Dominican Republic. He filed this Jones Act, unseaworthiness and general maritime law suit against his employer, Lineas Maritimas de Santo Domingo, and against the corporation which owned the ship on which he was injured, Naviera Macoris, S.A.[1] Both of plaintiff's injuries were allegedly sustained on board Naviera's ship, the M/V MACORIX, and in foreign waters. His first injury was allegedly sustained on December 21, 1981, after the ship left Rotterdam, Holland, when plaintiff "slipped on ice which had formed on the deck, causing him to sustain injuries to his right leg." His second injury was allegedly sustained on March 13, 1982, when the ship was docked in Port of Haina, Dominican Republic. This injury allegedly occurred on plaintiff's first crewday back since his December injury, when he jumped onto a pontoon and "sustained several broken ribs and injuries to his back when he was pinned between two open hatch covers."
Lineas and Naviera are corporations established under the laws of the Dominican Republic.[2] Both maintain their principal place of business in the Dominican Republic. Neither has an office, real property or a place of business within Louisiana or the United States. All shareholders of Lineas and 99.5% of the shareholders of Naviera are citizens and residents of the Dominican Republic. A U.S. citizen owns the remaining portion of Naviera stock.
Plaintiff contracted in the Dominican Republic with Lineas to crew on the M/V MACORIX. The ship was registered in the Dominican Republic and flew under the Dominican flag. Her vessel master was Capt. Pedro C. Calaguas, Jr., from Angeles City, Philipines, and her crew was composed of Dominican nationals. The ship, like the other ships Lineas managed, engaged in tramp voyages, carrying different types of cargo for hire. While under such charters, the M/V MACORIX made approximately 25 calls on the Port of New Orleans between 1981 and 1988.
Lineas did not schedule the ships it managed on regular itineraries. Instead, Lineas contracted with voyage charterers, persons or entities who required the services of a vessel to transport cargo from one point to another. Those charterers determined the ship's cargo and its ports of call. The voyage charterers principally were from the Dominican Republic or Latin American countries.[3] None were from Louisiana.
When its ships were in New Orleans, Lineas called upon a number of companies for their services as shipping or port agent: Cargo Ship Services, Universal Shipping, Tricon Shipping, International Ship Management Agency Services, Compass *550 Shipping, Halbuk Shipping, and Astro Shipping. Lineas did not use any of these port agents exclusively. Rather, it customarily used which ever port agent its charterers requested or preferred.

PROCEDURAL HISTORY
After filing this Jones Act, unseaworthiness and general maritime law suit, plaintiff served Lineas through Kevin Kerwin at Cargo Ship Service, Inc., one of the port agents which Lineas unexclusively employed. Appearing solely for the purpose of excepting to plaintiff's petition, Lineas filed a declinatory exception raising the objections of the court's lack of jurisdiction over the person of defendant, the court's lack of jurisdiction over the subject matter of the action, improper venue and forum non conveniens. Thereafter, plaintiff amended his petition, adding Naviera as a defendant. Again, process was served on Cargo Ship Services, Inc.
In response, Naviera appeared solely to file declinatory and peremptory exceptions which raised the objections of the court's lack of jurisdiction over the person of defendant, the petition's failure to state a cause of action, improper venue and insufficiency of process.
Defendants' joint supplemental memoranda argue improper service of process, improper venue, prescription, lack of personal jurisdiction, forum non conveniens, failure to state a cause of action, choice of law, and no cause of action. Exhibits supporting the exceptions include the deposition transcript of Juan Thomas Tavares, executive vice-president of Lineas, and a hearing transcript of the testimony of Kevin Kerwin in Cordero v. Lineas Martimas de Santo Domingo, No. 84-6323.
Mr. Tavares, who was deposed solely for the purposes of providing evidence on these objections, testified concerning Lineas and Naviera's lack of minimum contacts with Louisiana. He declared that neither company has an office or an agent for service of process in Louisiana. He described Lineas's relationship with the port agents in New Orleans. He explained how Lineas's charterers usually selected the agents used at the various ports of call. He clarified that Lineas did not use any of New Orlean's port agents exclusively. Kevin Kerwin, a port agent with Tricon Steamship Agency, testified that he has represented Lineas at various times over a period of years. In 1979 he was with International Shipping Agent and Agency Services, in 1980 through 1984 he was with Cargo Ship Services, and in 1984 through 1985 he was with Universal Shipping Agency. He testified that during 1980 through 1984, Cargo Ship Services did not exclusively provide port ageny services for Lineas. Nor did he know the percentage of the port agency service business which Cargo Ship Services provided for Lineas in the New Orleans area.
Following a hearing, the trial court maintained Lineas and Naviera's objections of insufficiency of process, lack of personal jurisdiction, improper venue and prescription on June 26, 1989. The court denied all of defendants' other objections, including those of forum non conveniens and no cause of action. From that judgment, plaintiff devolutively appealed. Defendants answered the appeal, praying the trial court's judgment be modified to grant the dismissal of plaintiff's suit based upon the objections of forum non conveniens and no cause of action.

LAW AND ARGUMENNTS
Plaintiff's brief concedes that the judgment granting defendants' objection of insufficiency of service of process is factually supported by the testimony of Kevin Kerwin. Citing LSA-C.C.P. art. 932, however, plaintiff contends this failure should not defeat his case because the grounds for this objection can be cured by re-serving process on defendants.[4]
*551 Plaintiff intends to cure the insufficiency of process by re-serving process on an employee of defendant(s) when a vessel managed by Lineas next docks in New Orleans. Plaintiff claims this will cure the defect because under LSA-C.C.P. art. 1261(B), "[i]f the corporation has failed to designate an agent for service of process,... service of the citation or other process may be made at any place where the business of the corporation is regularly conducted... By service on an employee of suitable age and discretion." Plaintiff claims such service will also cure defendants' objection to venue because under LSA-C.C.P. art. 42(5), as a foreign corporation, defendants can be sued where they are served. LSA-C.C.P. art. 42(5) ["... a foreign corporation not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law ... shall be brought in a parish where the process may be, and subsequently is, served on defendant."].
Defendants counter these arguments by claiming that due to improper venue[5] and to service not being perfected within the prescriptive period, prescription was not interrupted. Thus, plaintiff's claims prescribed in 1985. As defendants' objections could no longer be cured, the trial court had no choice but to dismiss plaintiff's action. LSA-C.C.P. art. 932.
In support of their position, defendants cite LSA-C.C. art. 3462 which provides as follows:
Art. 3462 Interruption by filing suit by service of process
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.[6]
We agree with defendants. Where service of process is the legal act which interrupts the running of prescription, it is essential that the defendant be served. Conner v. Continental Southern Lines, Inc., 294 So.2d 485 (La.1974), reh'g den. Service on defendant is the only notice of the legal proceedings Louisiana law permits or recognizes. See Id. Knowledge obtained through any other source does not interrupt prescription. See Id. Thus, service of process directed to a corporate defendant and made on one other than the person authorized to accept service is illegal and without effect. Id. Such service of process is tantamount to no service. Id.; see generally LSA-C.C. arts. 1261, 1262; LSA-R.S. 13:3201-3206; LSA-R.S. 13:3471-3472.
Consequently, although we sympathize with plaintiff's argument that he should be allowed to re-serve defendants because they have not been prejudiced by the lack of timely service, we recognize the resoluteness of the law. Service on Cargo Ship Services, combined with defendants' actual knowledge of the pendency of this suit does not interrupt prescription. The proper person, as designated by law, must be served before service of process will interrupt the running of prescription. Conner v. Continental Southern Lines, Inc., supra.
The two process services made upon Cargo Ship Services carry no legal effect. They do not constitute notice of this legal proceeding and did not interrupt prescription. Thus, as defendants were not legally *552 served process within the 3 year prescriptive period applicable to plaintiff's causes of action, plaintiff's action has prescribed.
For the reasons assigned, the trial court's judgment which maintains defendants' declinatory and peremptory exceptions raising the objections of insufficiency of service of process, improper venue and prescription is affirmed. Plaintiff and defendants' remaining assignments of error are pretermitted as moot. The parties are to bear their own costs.
AFFIRMED.
NOTES
[1] The M/V MACORIX was sold by Naviera to a Greek corporation in 1988.
[2] Lineas manages six to eight ocean-going vessels. These vessels are owned by separate Dominican Republic corporations. The sole asset of each corporation is a single ship, i.e., the sole asset of co-defendant Naviera Macoris, S.A., was the M/V MACORIX.
[3] Three of Lineas's main charterers which requested that goods be transfered from Louisiana to the Dominican Republic were Dominican corporations. Those entities owned a percentage of stock in Lineas and/or in the corporations which owned the ships Lineas managed. Two of those entities are also owned by the Dominican government.
[4] LSA-C.C.P. art. 932, captioned "Effect of sustaining declinatory exception," provides as follows: When the grounds of the objection pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.

If the grounds for the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
[5] Defendants assert venue in Orleans Parish is improper because both defendants' alleged wrongful conduct and plaintiff's alleged damages occurred in foreign waters, see LSA-C.C.P. art. 74; because plaintiff's accident did not arise from defendant's business activity in this state, see LSA-R.S. 13:3471(1); and because service was not effected on an employee or agent of defendants in this state, see LSA-R.S. 13:3471(1) and LSA-C.C.P. art. 42(5).
[6] Plaintiff's Jones Act and general maritime law plaintiff's claims carry a three year prescriptive period. 45 U.S.C.A. § 56; 46 U.S.C.A. App. § 688; 46 U.S.C.A. App. § 763a.