KLIEBERT, Chief Judge.
Plaintiffs, Steve and Katrina McKean, appeal the trial court’s granting of an exception of prescription filed by defendant, Skipper Hydraulic, Inc., in this maritime tort case. We affirm.
Steve McKean alleges he was a seaman and crew member of the M/V “Intrepid” when, on or about March 18, 1987, he was injured after he slipped and fell in hydraulic oil which had leaked from a starboard wench on the vessel. As a result of the accident, Mr. McKean alleges he suffered substantial and disabling injuries. Mrs. McKean seeks damages for a loss of consortium she has suffered as a result of the injuries to her husband.
Suit was filed on behalf of the McKeans in Orleans Parish on November 15, 1989, and was met by defendant’s exception of improper venue. Because defendant’s headquarters and registered office is in Jefferson Parish, the Civil District Court for the Parish of Orleans granted the exception of improper venue and ordered the suit transferred to the 24th Judicial District Court in Jefferson Parish.
In Jefferson Parish, defendant excepted to the petition alleging the cause of action had prescribed[1] by passage of more than three (3) years from the date of the accident until service of the petition on defendant. Defendant argues state procedural law governs the federal substantive law. Because suit was filed in the improper venue with service on defendant after the three (3) year prescriptive period had run, defendant maintains Louisiana procedural law bars the cause of action on prescription grounds.
Plaintiff argues federal procedural law applies. If service of a timely filed lawsuit is accomplished within a reasonable time, then the fact that service was not effected until after the prescriptive period ran, will not defeat the action. See Maxwell v. Swain, 833 F.2d 1177 (5th Cir.1987).
We agree with defendant and hold Louisiana procedural law applies in this state court maritime tort action interpreting federal substantive law. St. Louis Southwestern Ry. Co. v. Dickerson, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985); Morris v. Transworld Drilling Co., 365 So.2d 46 (La.App. 3rd Cir.1978). Thus, the prescriptive period for this maritime tort is three (3) years as provided in 46 U.S.C. § 763a:
“Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.”
LSA-C.C. art. 3462 provides as follows:
“Art. 3462. Interruption by filing of suit or service of process
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.”
Thus, because plaintiff was injured on March 18, 1987, suit was filed on his behalf in an improper venue on November 15, 1989, and defendant was not served until April 9, 1990, more than three (3) years from the date of the accident, the cause of action has prescribed and was properly dismissed.
Moreover, even assuming plaintiff’s argument is correct, that federal procedural law is applicable, plaintiffs’ cause of action nevertheless has prescribed. Plaintiffs argue the delay in service from November 15, 1989 until April 9, 1990, was *435 reasonable when you look to the fact that the address for defendant’s agent for service of process was incorrectly listed with the Secretary of State Office. Federal courts have held that federal limitation periods are tolled from the date suit is filed if service is effected within a reasonable time. Maxwell v. Swain, supra.
We disagree with the plaintiffs. The service of the petition approximately five (5) months after filing the lawsuit and twenty two (22) days after expiration of the prescriptive period is not a reasonable time under the facts of this case. The parties agree, the sheriff’s return dated early December 1989,[2] stated the petition could not be served due to a “bad address.” Additionally, defendant has been in business and operating at the same Jefferson Parish address since prior to the filing of the lawsuit in Orleans Parish. Thus, the approximate five (5) months delay in service on defendant is not a reasonable time under the facts before us and the cause of action would be prescribed under the federal jurisprudence as well.
For the foregoing reasons, the trial court judgment granting defendant’s exception of prescription and dismissing plaintiffs’ lawsuit with prejudice is affirmed. Plaintiffs to bear all costs of this appeal.
AFFIRMED.

. Defendant also excepted to plaintiffs First Supplemental and Amending Petition for Damages which alleged a solidary obligation among tortfeasors interrupted prescription. The trial court apparently did not rule on this issue and neither party argued this on appeal. Thus it has not been considered in this opinion.

. The record contains a sheriffs return stating "bad address” but it is not dated. Plaintiffs’ trial memo opposing the exception of prescription states the return was dated December 6, 1989. Attached to defendant’s brief is the return dated December 5, 1989. This return is not of record.