706 So.2d 1064 (1998)
Kenneth DOZIER
v.
INGRAM BARGE COMPANY.
No. 96-CA-1370.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1998.
*1065 Michael D. Riley, Birdsall, Rodriguez, Kehoe & Riley, New Orleans, for Plaintiff/Appellant.
Don K. Haycraft, Carol Welborn Reisman, Liskow & Lewis, New Orleans, for Defendant/Appellee.
Before BARRY, PLOTKIN and MURRAY, JJ.
PLOTKIN, Judge.
The sole question presented by this appeal is whether a suit filed by the plaintiff, Kenneth Dozier, within the three-year prescriptive period for filing claims under the Jones Act and general maritime law, but not served on the defendant, Ingram Barge Co., until after the prescriptive period had expired, is barred by prescription. Determination of that question in turn depends on whether Louisiana law or federal law applies. Finding that Louisiana law applies, we affirm the trial court judgment granting the exception of prescription filed by Ingram.

Facts
Dozier was allegedly injured on January 18, 1991 while working as a seaman on Ingram's vessel. He filed suit in the Civil District Court for the Parish of Orleans on December 30, 1993, asserting a claim in negligence under the Jones Act, 46 U.S.C.App. 688, as well as a claim for lack of seaworthiness under the general maritime law. The suit was not served on Ingram until March 21, 1994. Ingram responded by excepting to venue in Orleans Parish. The trial court maintained the exception and dismissed Dozier's claim. On appeal, this court affirmed the judgment maintaining the exception, and remanded the case to the trial court for transfer to a court of proper venue. Dozier v. Ingram Barge Co., 94-1646 (La.App. 4 Cir. 3/16/95) (unpublished).
On remand, the trial court transferred the case to Plaquemines Parish. Thereafter, Ingram again excepted, this time on the basis of prescription, arguing that the filing of the petition within the three-year period allowed under the applicable law did not interrupt prescription because it was filed in a court of improper venue and was not served within the prescriptive period.

Analysis
Federal and state law provides rules prohibiting the enforcement of valid claims that have not been timely filed. In Louisiana, the doctrine of prescription protects defendants from having to defend against stale claims by requiring plaintiffs to file suit in a court of competent jurisdiction and venue within a specified time period and to pursue that suit in a timely manner. In most cases, a defendant who claims that a plaintiff's case prescribed prior to the date it was filed is required to plead and prove prescription. However, when the facts alleged in the plaintiff's petition indicate that the claim has prescribed, *1066 the burden of negating prescription rests with the plaintiff. La. C.C.P. art. 927 et seq. creates the procedure for filing and disposing of an exception of prescription.
Prescription, peremption, and laches are procedural devices for barring valid substantive claims which have not been timely filed. Therefore, an exception of prescription is a technical objection that raises a mixed question of procedure and law. Procedurally, prescription is the method by which the litigants and courts determine whether a victim may prosecute a stale claim. The stale claim relates to the substantive law issue.
Under Louisiana law, a suit filed within the three-year prescriptive period in a court of improper venue, but was not served until after that date, is prescribed. La. C.C. art. 3462. Under federal law, so long as the suit is filed within the proper prescriptive period, it is not prescribed even if not served until after expiration of the three-year prescriptive period, provided it is served within a "reasonable" time.
In this case, the defendant claims that Louisiana procedural law applies in a state court case filed under the savings to suitors clause, citing American Dredging Co. v. Miller, 510 U.S. 443, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). Thus, the defendant claims, the plaintiff's suit is barred by prescription. The defendant's position is supported by both Mejia v. Lineas Maritimas De Santo Domingo, 570 So.2d 548 (La.App. 4th Cir.1990) and McKean v. Skipper Hydraulic, Inc., 592 So.2d 433 (La.App. 5th Cir.1991). In the Mejia case, this court simply held that Louisiana's law on prescription applied in a maritime case. In the McKean case, the fifth circuit made the same ruling, addressing the exact question raised by the defendant herei.e., whether federal law on prescription should apply under the circumstances, which were very similar to those of the instant case. That issue was not specifically addressed in Mejia.
The plaintiff counters the defendant's arguments by claiming first that application of Louisiana's law on prescription robs him of substantive rights under federal law, citing Lavergne v. Western Co., 371 So.2d 807 (La. 1979) for the proposition that a state court may not apply its procedural law if doing so would "modify or displace essential features of the substantive maritime law." He claims that the federal maritime law on prescription is "substantive law," despite the fact that the exact provision he cites is found in the Federal Rules of Civil Procedure. The McKean case is simply wrong on that issue, the plaintiff claims. However, the plaintiff claims, the fifth circuit nevertheless reached the correct result in the McKean case because the suit in that case was not served within a "reasonable time," since it was not served until 120 days after the suit was filed. The 81 days between the filing of the suit and the service in the instant case is "reasonable," the plaintiff claims.
We find that Louisiana law should be applied to decide the issue presented by this case. Moreover, Dozier's argument that prescriptive statutes are somehow "substantive" in nature, an argument that he fails to explain, is misplaced. The question of whether a cause of action is prescribed is considered separate and apart from other issues presented by a particular case. A plaintiff is not required to prove prescription as part and parcel of his cause of action; thus, Dozier's assertion that "[o]ne cannot think of a concept more substantive to the general maritime law than the concept of prescription" is nonsensical. Clearly, prescriptive statutes, including those governing interruption and suspension of prescription, are procedural, rather than substantive, in nature.
Granting the exception of prescription does not result in unfairness to the plaintiff in this case. The plaintiff timely filed his suit in a Louisiana state court; however, the suit was filed in a court of improper venue under the rules established by the Louisiana Code of Civil Procedure articles governing that issue. He knew, or should have known, the consequences of failing to timely request that the defendant be served with the lawsuit, especially if the suit was filed in a court of improper venue. Since state procedural law clearly bars his claims under the circumstances of this case, the plaintiff cannot now *1067 recharacterize his maritime tort claims for the purpose of applying federal civil procedural rules to a case filed in Louisiana state court.

Conclusion
Accordingly, the trial court decision dismissing Dozier's action as prescribed is affirmed.
AFFIRMED.
MURRAY, J., dissents and assigns reasons.
MURRAY, Judge, dissenting and assigning reasons.
I respectfully dissent. Mejia v. Lineas Maritimas De Santo Domingo, 570 So.2d 548 (La.App. 4th Cir.1990), does not require an affirmation of the determination that Mr. Dozier's claim has prescribed. In Mejia this Court held that a Jones Act claim that had not been legally served within the three year prescriptive period was prescribed. The parties in Mejia focused their arguments on the sufficiency of service of process on the defendant, and whether plaintiff could cure the deficient service. The opinion does not address the question of what law, Louisiana or federal, should apply to the determination of whether the statute of limitations was tolled. It does not appear that this Court has addressed that issue directly
Our brethren in the Fifth Circuit have considered the question. In McKean v. Skipper Hydraulic, Inc., 592 So.2d 433 (La. App. 5th Cir.1991), the plaintiff, argued that federal law applied to determine if the statute of limitations was tolled on his maritime claims so that it was error to dismiss his claim because he failed to effect service before the prescriptive period had elapsed. Relying on St. Louis Southwestern Ry. Co. v. Dickerson, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985) and Morris v. Transworld Drilling Co., 365 So.2d 46 (La.App. 3rd Cir.1978), the court rejected this argument and found that Louisiana procedural law applied to plaintiff's "state court maritime tort action interpreting federal substantive law." 592 So.2d at 434. Without discussing that question, beyond citation to the above authorities, the Fifth Circuit determined that the plaintiff's claim was prescribed under Louisiana law. It noted, however, that the plaintiff's claim also would have been prescribed under federal law because he had not served the defendant within a reasonable period of time.
The cases relied upon by the Fifth Circuit stand for the proposition that federal substantive law applies to Federal Employers' Liability Act (FELA) and Jones Act claims. However, neither case considered that principle in the context of what constitutes an interruption of prescription. Therefore, the decision in McKean, which did not discuss that issue beyond citing St. Louis Southwestern Ry. Co. and Morris, and which is not binding on this circuit, does not provide the answer to the question squarely presented by this appeal.
Ingram argues that the Supreme Court's decision in American Dredging Co. v. Miller, 510 U.S. 443, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) supports its position that the trial court properly applied Louisiana law to determine that Mr. Dozier's claim was prescribed. In American Dredging the Supreme Court was asked to determine if federal law pre-empts state law regarding the doctrine of forum non conveniens. Id. at 445, 114 S.Ct. at 984. In determining that federal law did not pre-empt state law as to this issue, the Court noted that the doctrine of forum non conveniens was nothing more than a "supervening venue provision" that permitted displacement of ordinary rules of venue, when in light of certain conditions, a trial court determined that it ought to decline to exercise its jurisdiction. Id. at 453, 114 S.Ct. at 988. Finding that "federal venue rules in maritime actions are a matter of judicial housekeeping, prescribed only for the federal courts," the Court concluded that "maritime commerce in general does not require a uniform rule on the subject [forum non conveniens]." (emphasis added) (citations omitted) Id. at 444, 114 S.Ct. at 983. Ingram argues that the question of what constitutes a tolling of the statute of limitations, like the doctrine of forum non conveniens, is merely a matter of judicial housekeeping to which state law should apply.
*1068 The Court was very careful to limit its holding in American Dredging to the doctrine of forum non conveniens. Although the rationale of the opinion certainly can be extrapolated from and applied to other situations, it is binding only as to that doctrine. The Court considered whether the state's refusal to apply the doctrine of forum non conveniens interfered with the proper harmony and uniformity of maritime law. Id. at 451, 114 S.Ct. at 987. It noted that the need for uniformity had caused it to disallow a state to apply state workers' compensation statutes to injuries covered by admiralty jurisdiction, as well as to hold that a state may not require that a maritime contract be in writing where admiralty law regards oral contracts as valid. Id. Recognizing that it was not entirely consistent within its admiralty jurisprudence and that the line separating permissible from impermissible state regulation in this area is not easily discerned, the Court found that forum non conveniens was very different from any other matter that had been held to be governed by federal admiralty law in that it was procedural rather than substantive and that it was most unlikely to produce uniform results. Id. at 453, 114 S.Ct. at 988. In reaching this conclusion the Court recognized that this doctrine, unlike burden of proof or contributory negligence, did not bear upon any substantive right to recover. Id. at 454, 114 S.Ct. at 988.
The above analysis and the principles discussed by the Court in American Dredging, cause me to conclude that the question of what constitutes an interruption of the statute of limitations is inherent in plaintiff's cause of action and is part of the very substance of his claim so that it is not, as Ingram argues, a mere incident of a form of procedure or judicial housekeeping. For this reason, I disagree with the majority when it finds that the trial court correctly maintained Ingram's exception of prescription based on Louisiana law.
This conclusion is consistent with the decision of the federal Fifth Circuit in Maxwell v. Swain, 833 F.2d 1177 (5th Cir.1987) holding that the federal limitation on the plaintiff's Jones Act claim was tolled when suit was filed in a state court lacking venue. Id. at 1178. However, as the Fifth Circuit noted in Maxwell, the determination of whether service was effected within a reasonable period of time is to be determined on a case-by-case basis. Because the trial court applied Louisiana law to determine if prescription was interrupted it did not decide if Mr. Dozier's claim was served within a "reasonable period" of time after filing, as required under federal law in order to toll the statute of limitations. Therefore, although I would reverse the judgment of the trial court, I would remand this matter for further proceedings, including a ruling on Ingram's exception of prescription under applicable federal law.