NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-75

SHAWN STRODER AND TRISHA STRODER

VERSUS

TOWN OF WELSH, WELSH POLICE DEPARTMENT, DAVID M.
ARMINE, AND ATLANTIC SPECIALTY INSURANCE COMPANY

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, C-481-22
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

LEDRICKA J. THIERRY
JUDGE

**********

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry,
Judges.

AFFIRMED.

**Steve M. Sikich**
**The Sikich Law Firm**
**309 E. Sallier Street, Suite B**
**P.O. Box 1432**
**Lake Charles, LA 70602**
**(337) 721-8008**
**COUNSEL FOR PLAINTIFFS/APPELLANTS**
**Shawn Stroder and Trisha Stroder**

**Joy C. Rabalais**
**H. Edward Barousse, III**
**Jordan John Henagan**
**Grant R. Schexnailder**
**K. Elizabeth Heinen**
**Borne, Wilkes & Rabalais, LLC**
**200 W. Congress Street, Suite 1000**
**Lafayette, LA 70501**
**(337) 232-1604**
**COUNSEL FOR DEFENDANTS/APPELLEES**
**Town of Welsh and Officer David Amrine, Individually and in**
**His Official Capacity as a Police Officer for the Town of Welsh**

**THIERRY, Judge.**

Plaintiffs, Shawn Stroder and Tricia Stroder, appeal the decision of the district court finding their claims to be prescribed. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 23, 2020, Shawn Stroder was riding a bicycle in Welsh, Louisiana in Jefferson Davis Parish, when he was struck by defendant, Officer David Amrine, who was driving a 2019 Ford Explorer owned by the Town of Welsh. Mr. Stroder alleges he was dragged approximately 180 feet, causing severe injuries to his back, head, ears, mouth, and other areas of his body. At the time of the accident, Plaintiffs allege that Officer David Amrine was an employee of the Town of Welsh and the Welsh Police Department.

On May 18, 2021, Shawn Stroder and Tricia Stroder filed a petition for damages in Calcasieu Parish against several Defendants: the Town of Welsh, the Welsh Police Department, David M. Amrine (incorrectly spelled as "Armine" in the petition), and Atlantic Specialty Insurance Company. The petition identifies Officer Amrine's domicile as Iowa, Louisiana, located in Calcasieu Parish. The Town of Welsh and the Welsh Police Department are both located in Jefferson Davis Parish. Atlantic Specialty Insurance Company is a foreign insurance company with its registered agent located in Baton Rouge, Louisiana.

Defendants were not served until June of 2021, more than a year after the incident occurred. Officer Amrine, the Town of Welsh, and the Welsh Police Department were served on June 3, 2021. Atlantic Specialty Insurance Company was served on June 7, 2021.

On July 7, 2021, Defendants filed an Exception of Improper Venue, asserting that La.R.S. 13:5104(B) mandates that any suit against a political subdivision of the

state or officer thereof within the course and scope of his employment be instituted before the district court in which the political subdivision is located, or in the district court having jurisdiction in the parish where the cause of action arises. Defendants claimed that because the Town of Welsh is located in Jefferson Davis Parish, venue was proper in Jefferson Davis Parish. Defendants similarly claimed that venue was proper in Jefferson Davis Parish because Officer Amrine was in the course and scope of his employment as an officer of a political subdivision (located in Welsh, Jefferson Davis Parish).

On April 19, 2022, Plaintiffs filed a First Supplemental and Amending Petition, adding a new paragraph alleging that Mr. Stroder sustained his damages in Calcasieu Parish, as he was treated at Lake Charles Memorial Hospital located in Calcasieu Parish and therefore incurred medical expenses (i.e., damages) in Calcasieu Parish.

On May 20, 2022, Judge Ritchie of the Fourteenth Judicial District in Calcasieu Parish granted Defendants' Exception of Improper Venue and transferred the matter to the Thirty-First Judicial District Court in Jefferson Davis Parish.

On September 19, 2022, the Welsh Police Department filed an exception of lack of procedural capacity, asserting that it is not a juridical person and therefore lacks the procedural capacity to be sued. On that same date, the Town of Welsh and Officer David Amrine filed a peremptory exception of prescription, claiming that the lawsuit was prescribed because Defendants were not served within the one-year peremptory period. In support, Defendants cited La.Civ.Code art. 3462.

After a hearing on October 25, 2022, and in a judgment signed on December 5, 2022, Judge Gunnell granted Defendants' peremptory exception of prescription, Welsh Police Department's exception of lack of procedural capacity, and

Defendants' motion to strike jury and bifurcate trial. The only pleading objected to by Plaintiffs was Defendants' exception of prescription. It is the prescription ruling which Plaintiffs now appeal, asserting that the district judge improperly granted Defendants' exception of prescription.

## ANALYSIS

The standard of review of a judgment on a peremptory exception of prescription depends on whether evidence was introduced at the hearing. *Mitchell v. Baton Rouge Orthopedic Clinic, LLC*, 21-61 (La. 12/10/21), 333 So.3d 368. If no evidence is introduced, then the exception is decided upon the facts alleged in the petition, with all allegations in the petition accepted as true. *Id.* The reviewing court assesses whether the trial court was legally correct in its ruling. When evidence is introduced at the hearing, the trial court's decision is reviewed under the manifest error standard of review. The exception to this is when there is no dispute regarding the material facts. In such a case, the reviewing court applies the de novo standard of review. *Id.*

In this case, evidence was introduced at the hearing on the exception of prescription. However, there is no dispute regarding the material facts; namely, that the accident occurred on May 23, 2020, Plaintiffs filed their petition for damages on May 18, 2021, and Defendants were served on June 3, 2021 and June 7, 2021. Therefore, the de novo standard of review applies.

Louisiana Civil Code Article 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year," commencing on the date when the injury occurs or damage is sustained. In this case, the injury and damage occurred on May 23, 2020, and thus the prescriptive period is one year from that date.

3

Plaintiffs filed their petition for damages within the prescriptive period, on May 18, 2021. It is undisputed that Plaintiffs timely filed the suit in Calcasieu Parish.

However, the issue is whether Plaintiffs timely filed their suit in Jefferson Davis Parish. When an action is filed in an improper venue and subsequently transferred, prescription is only interrupted if the defendants were served within the prescriptive period. Louisiana Civil Code Article 3462 states (emphasis added):

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. **If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.**

*See also Titus v. IHOP Rest., Inc.*, 09-951 (La. 12/1/09), 25 So.3d 761.

In this case, Plaintiffs originally filed their petition for damages in Calcasieu Parish, which was transferred to Jefferson Davis Parish upon the granting of an exception of improper venue filed by Defendants.[1] Defendants were not served until June 3, 2021 and June 7, 2021, several days beyond the one-year prescriptive period. Therefore, under the unambiguous language of La.Civ.Code art. 3462, prescription was not interrupted.

Plaintiffs argue that the fact that Defendants were not served within the one-year prescriptive period is immaterial, because Defendants were on notice of the accident well before they were served. This is contrary to both the plain language of the article and the subsequent jurisprudence on this article. Actual knowledge of a lawsuit is irrelevant for purposes of the statute; it is service that is key. The Louisiana fifth circuit recently reiterated this longstanding rule in a 2022 decision:

---

[1] Both parties set forth arguments relating to venue in their brief. However, the venue ruling was not appealed, and therefore this court's ruling is limited to the issue on appeal: the district court's granting of Defendants' exception of prescription.

> "Where service of process is the legal act which interrupts the running of prescription it is essential that the defendant be served. This is the only type of notice permitted or recognized. Knowledge obtained through any other source will not constitute a legal interruption." [*Conner v. Cont'l S. Lines, Inc.*, 294 So.2d 485, 487 (La. 1974).] Actual service of citation is necessary to interrupt prescription when the suit is filed in a court which does not have jurisdiction of the action. *Hidalgo v. Dupuy*, 122 So.2d 639, 643 (La.App. 1st Cir. 1960).

*Matos v. White*, 21-313, p. 6 (La.App. 5 Cir. 2/23/22), 336 So.3d 594, 599.

Therefore, since Defendants in this action were not served within the applicable one-year prescriptive period, prescription was not interrupted. By the time this case was transferred to the proper venue in Jefferson Davis Parish, the case was prescribed. The district court correctly granted Defendants' exception of prescription.

### DECREE

For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed against appellants, Shawn Stroder and Trisha Stroder.

**AFFIRMED.**