PARRO, J.
 

 Linda Doe
 
 [1]
 
 appeals a judgment in favor of Delta Clinic of Baton Rouge, Inc.,
 
 [2]
 
 sustaining its peremptory exception raising the objection of prescription and dismissing her suit with prejudice. For the following reasons, we affirm the judgment.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 On April 1, 1999, Dr. A. James Whit-more performed a second trimester abortion on Linda Doe at Delta Clinic of Baton Rouge, Inc. (Delta). The procedure was completed at 5:10 p.m., and in the recovery room, Ms. Doe lost a lot of blood. Despite multiple doses of clotting medications, the severe bleeding persisted and her blood pressure level dropped dangerously low. According to her petition, she was transported to a local hospital for emergency surgery about 10:30 p.m. During that procedure, it was discovered that, as a result of the abortion, Ms. Doe had a laceration of the right uterine wall that extended into the uterine artery, causing the profuse bleeding. She was transfused with eight units of packed red blood cells and two units of fresh frozen plasma and underwent a total abdominal hysterectomy.
 

 On July 30, 1999, Ms. Doe filed a “Petition for Discovery” in the Twenty-First Judicial District Court (21st JDC), Parish of Livingston, pursuant to the Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq. This proceeding was assigned docket number 86, 255 and assigned to division “B” of that court. On March 21, 2002, in the same court and under the same docket number, she filed a petition for damages for medical malpractice, naming Delta and Dr. Whitmore as defendants. The petition was served on Ms. Monica Frois, an attorney, on April 2, 2002. Ms. Frois had participated in discovery on behalf of both of the named defendants during the discovery phase of this litigation and had informed Ms. Doe’s attorney in a letter dated June 15, 1999, that she|srepresented Delta and that all contact with Delta should be made through her. However, when Ms. Frois was served with the petition for damages on April 2, 2002, she immediately wrote Ms. Doe’s attorney, advising that she did not represent either of the defendants and that the service on her was erroneous.
 

 In response to Ms. Doe’s petition, Delta filed declinatory exceptions of insufficiency of service of process and improper venue, a dilatory exception of vagueness, and peremptory exceptions of prescription and no cause of action. After a hearing in the 21st JDC, the court found in favor of Ms. Doe and against Delta with respect to the declinatory exception of insufficiency of service of process; however, the declinato-ry exception of improper venue was sustained, and the case was ordered transferred to the Nineteenth Judicial District Court (19th JDC), Parish of East Baton Rouge. The 21st JDC declined to consider the remaining exceptions, because it con-
 
 *1079
 
 eluded those should be heard by the transferee court.
 

 On June 1, 2009, a hearing was held in the 19th JDC on the peremptory exception of prescription, after which the court sustained the exception and dismissed Ms. Doe’s suit at her cost. A judgment incorporating this ruling was signed June 22, 2009, and Ms. Doe appealed.
 

 DISCUSSION
 

 According to Louisiana Civil Code, article 3462, prescription is interrupted by the filing of suit within the prescriptive period in a court of competent jurisdiction and venue; however, if the action is commenced in an incompetent court or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
 
 See also
 
 LSA-C.C.P. art. 5251(4). In this case, because Ms. Doe’s petition for damages was filed in an improper venue, prescription would only be interrupted if Delta was served by process within the prescriptive period.
 

 Delta argues that because it is a corporation, service of process had to be made on its designated agent for service of process, pursuant to LSA-C.C.P. art. 1261(A). It claims that Ms. Frois was. not its registered agent for service of process and, therefore, service on her could not interrupt the running of prescription. However, the judge in the 21st JDC ruled that service was sufficient in this instance, and that ruling was not challenged. Moreover, under the circumstances of this case, in which a legal proceeding had already commenced and the person upon whom service was made had participated in that legal proceeding and had specifically stated that she was the defendant’s attorney, we agree that the service on her, as Delta’s “attorney of record,” was proper.
 
 See Grantham v. Dawson,
 
 27,798 (La.App. 2nd Cir.1/24/96), 666 So.2d 1241, 1245-46,
 
 writs denied,
 
 96-0459 (La.3/29/96), 670 So.2d 1230, and 96-0487 (La.3/29/96), 670 So.2d 1228.
 

 However, the question of the timeliness of that service still remains. Ms. Doe’s suit is based on LSA-R.S. 9:2800.12, which states:
 

 A. Any person who performs an abortion is liable to the mother of the unborn child for any damage occasioned or precipitated by the abortion, which action survives for a period of three years from the date of discovery of the damage with a peremptive period of ten years from the date of the abortion.
 

 B. For purposes of this Section:
 

 (1) “Abortion” means the deliberate termination of an intrauterine human pregnancy after fertilization of a female ovum, by any person, including the pregnant woman herself, with an intention other than to produce a live birth or to remove a dead unborn child.
 

 (2) “Damage” includes all special and general damages which are recoverable in an intentional tort, negligence, survival, or wrongful death action for injuries suffered or damages occasioned by the unborn child or mother.
 

 (3) “Unborn child” means the unborn offspring of human beings from the moment of conception through pregnancy and until termination of the pregnancy.
 

 C. (1) The signing of a consent form by the mother prior to the abortion does not negate this cause of action, but rather reduces the recovery of damages to the extent that the content of the consent form informed the mother of the risk of the type of injuries or loss for which she is seeking to recover.
 

 (2) The laws governing medical malpractice or limitations of liability thereof provided in Title 40 of the Louisiana
 
 *1080
 
 Revised Statutes of 1950 are not applicable to this Section.
 

 The statute itself recognizes the discovery rule embodied in the
 
 contra non valen-tem
 
 doctrine.
 
 See In re Medical Review Panel of Howard,
 
 573 So.2d 472, 474 (La.1991). The key inquiry in most
 
 contra non valentem
 
 cases is the commencement date of the prescriptive period under the discovery rule. The doctrine itself is based on the theory that when the claimant is not aware of the facts giving rise to his or her cause of action against the particular defendant, the running of prescription is for that reason suspended until the tort victim discovers or should have discovered the facts upon which his or her cause of action is based. It is often difficult to identify a precise point in time at which the claimant becomes aware of sufficient facts to begin the running of prescription.
 
 Id.
 
 Constructive knowledge sufficient to commence the running of prescription requires something more than a mere apprehension that something might be wrong.
 
 Cordova v. Hartford Accident & Indem. Co.,
 
 387 So.2d 574, 577 (La.1980). Prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, or unreasonable.
 
 Young v. Clement
 
 367 So.2d 828, 830 (La.1979).
 

 Louisiana Civil Code article 3456 states that if a prescriptive period consists of one or more years, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription. Thus, in this case, if the date of the commencement of prescription was April 1, 1999, the three-year prescriptive period would accrue on April 1, 2002. However, if prescription commenced to run on April 2, 1999, service on April 2, 2002, would serve to interrupt prescription.
 
 See Richardson v. Say,
 
 31,989 (La.App. 2nd Cir.7/22/99), 740 So.2d 771, 773,
 
 writ denied,
 
 99-2493 (La.11/19/99), 749 So.2d 677,
 
 cert. denied,
 
 529 U.S. 1100, 120 S.Ct. 1836, 146 L.Ed.2d 779 (2000).
 

 When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription.
 
 See Lima v. Schmidt,
 
 595 So.2d 624, 628 (La.1992). However, the plaintiff has the burden of proving an interruption or suspension of the prescriptive period when his action has prescribed on the face of his petition.
 
 See Clark v. Wilcox,
 
 04-2254 (La.App. 1st Cir.12/22/05), 928 So.2d 104, 109 n. 4,
 
 writ denied,
 
 06-0185 (La.6/2/06), 929 So.2d 1252. In this case, since the petition states that the abortion procedure that caused Ms. Doe’s damages was completed at 5:10 p.m. on April 1, 1999, and service was not made until April 2, 2002, Ms. Doe has the burden of proving an interruption or suspension of the prescriptive period.
 

 Ms. Doe argues that she was either unconscious or barely conscious after the abortion on April 1, and did not discover the damage until April 2, 1999, after she recovered from the emergency surgery performed on April 1, 1999. Therefore, she contends that the prescriptive period did not commence until April 2, 1999, and service on Ms. Frois on April 2, 2002, was timely. In her brief to this court, she refers to medical records from the emergency room of Baton Rouge General Medical Center, where she was taken for the emergency surgery. However, the record sent to this court does not contain any medical records from Baton Rouge General Medical Center. The only medical information in evidence is from Delta’s records, where the last entry occurred at 8:30 p.m. on April 1, 1999, showing that an emergency medical technician obtained a blood pressure level of 70/palpitation,
 
 *1081
 
 prompting the decision to send her to the nearest hospital for emergency treatment. An earlier notation at 8 p.m. states “pt easily aroused.”
 

 The prescriptive period for a medical malpractice claim commences upon the occurrence of the injury when the damages are immediately apparent.
 
 Johnson v. Shafor,
 
 08-2145 (La.App. 1st Cir.7/29/09), 22 So.3d 935, 938,
 
 writ denied,
 
 09-1921 (La.11/20/09), 25 So.3d 812. Furthermore, prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort.
 
 Campo v. Correa,
 
 01-2707 (La.6/21/02), 828 So.2d 502, 510. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead.
 
 Medical Review Panel Proceeding of Williams v. Lewis,
 
 08-2223 (La.App. 1st Cir.5/13/09), 17 So.3d 26, 29.
 

 The medical records from Delta show that Ms. Doe began passing numerous blood clots shortly after the abortion procedure was completed, and she continued to bleed profusely over the course of several hours in spite of being given clotting medications. Those records also indicate that she was awake and responsive at least part of the time; she sat up and vomited at 8 p.m. By this time, she must have known that something had gone wrong with the abortion. Although she may not have known precisely what kind of damage had occurred or the full extent of that damage, she certainly had enough information at that point to know that her problems were very likely caused by some flaw in the abortion procedure. Delta’s records show that Ms. Doe had had three previous abortions; therefore, she was quite familiar with the normal course of post-operative recovery. Ms. Doe did not provide any evidence to show that she was unconscious or did not know about the bleeding problems she was experiencing after the abortion on April 1, 1999. Therefore, we conclude that she failed to carry her burden of proving that she discovered the damage on April 2,1999, and that an interruption of prescription occurred by service of process on Delta on April 2, 2002.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the June 22, 2009 judgment dismissing Ms. Doe’s claims against Delta. All costs are assessed against Ms. Doe.
 

 AFFIRMED.
 

 [1]
 

 . The plaintiff elected to use this alias in order to protect her personal identity.
 

 [2]
 

 . The defendant was incorrectly designated in the petition as "Delta Women’s Clinic of Baton Rouge.”