MOORE, J.
_JjThe claimants, Dr. Donald R. Williams, Solomon Williams Sr. and Londura Williams Jr.,[1] individually and on behalf of their father, Londura Williams Sr., appeal a judgment sustaining exceptions of improper service and of prescription, and dismissing their medical malpractice claim against Dr. William D. Thompson. For the reasons expressed, we affirm.
The elder Mr. Williams sought medical treatment from Dr. Thompson, a physician in Rayville, Louisiana, on various occasions between July 2005 and August 2010. In early August 2010, Dr. Thompson diagnosed an irregular prostate gland and referred Mr. Williams to a urologist in Monroe; however, before the patient could make this appointment, he died on August 19, 2010. The claimants felt that Dr. Thompson had rendered substandard and inappropriate care.
The claimants filed a request for medical review panel (“MRP”) on August 4, 2011. The MRP rendered an opinion finding that Dr. Thompson did not deviate from the appropriate standard of care. The opinion was dated October 16, 2012, and received by Donald Williams, one of the claimants, via certified mail on November 5, 2012. Under La. R.S. 40:1299.47 A(2)(a), the claimants then had 90 days, or until February 4, 2013, to file suit.
The claimants filed their initial petition on January 23, 2013, in the Fourth Judicial District Court, Ouachita Parish, and requested service on the attorney, Elmer Noah, who represented Dr. Thompson before the MRP, and 12not on Dr. Thompson personally.[2] Notably, Ouachita Parish is neither Dr. Thompson’s domicile nor where the alleged malpractice occurred. Through Mr. Noah, Dr. Thompson filed various exceptions, urging in essence that his domicile and all alleged acts of malpractice were in Richland Parish, the Fifth Judicial District Court. By joint motion, the parties dismissed the Ouachita Parish suit on August 20, 2013.
Meanwhile, on May 9, 2013, the claimants filed the instant suit against Dr. Thompson in the Fifth JDC, Richland Parish, again requesting service on “Dr. William D. Thompson / Through his attorney of record / Elmer G. Noah, II,” and service was effected. Through Mr. Noah, Dr. Thompson filed declinatory and peremptory exceptions, citing La. C.C. art. 3462.
*555 He argued that the timely suit in the Fourth JDC, resulting in service on the attorney only, did not interrupt the prescription of R.S. 40:1299.47 in the Fifth JDC case, so the latter was untimely.
After a hearing in August 2013, the district court sustained Dr. Thompson’s exceptions and dismissed the suit with prejudice. The claimants have appealed, raising one assignment of error.
The claimants contend that the court erred in granting Dr. Thompson’s declina-tory exceptions of insufficiency of citation and insufficiency of service and his peremptory exception of prescription. They argue that an action filed in an improper venue interrupts the prescriptive period. They concede that Art. 3462 interrupts prescription “only as to a defendant served by process within the prescriptive period.” However, they | ^contend that “even if process is defective and subject to exception, it interrupts prescription if it is sufficient to inform the persons served of the legal demands made upon them.” Breaux v. Vicknair, 507 So.2d 1242 (La.1987); Conner v. Continental Southern Lines Inc., 294 So.2d 485 (La.1974). They show that the Fourth JDC petition was served on Dr. Thompson’s attorney, Mr. Noah, within the 90 days, and argue that such an acceptance of service and waiver of citation by an attorney on behalf of the client is effective and binding on the client, on a theory of agency. In support they cite Doe v. Delta Women’s Clinic of Baton Rouge, 2009-1776 (LaApp. 1 Cir. 4/30/10), 37 So.3d 1076, writ denied, 2010-1238 (La.9/17/10), 45 So.3d 1055; Foster v. Foster, 2010-0353 (La.App. 1 Cir. 6/11/10), 2010 WL 2342769 (not designated for publication). Finally, they submit that prescriptive statutes must be narrowly construed against prescription and in favor of the claim, Bailey v. Khoury, 2004-0620 (La.1/20/05), 891 So.2d 1268. They seek reversal.
Under the Medical Malpractice Act, the filing of a request for a review of claim suspends the time within which suit must be instituted “until ninety days following notification” to the claimant or his attorney of the issuance of the opinion of the MRP. La. R.S. 40:1299.47 A(2)(a). The claimants received notice, by certified mail, of the MRP’s opinion on November 5, 2012; thus they had until February 4, 2013, to file suit.
The interruption of prescription is regulated by La. C.C. art. 3462, which provides, with emphasis added:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences paction against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
The record shows that within the time limit of R.S. 40:1299.47 A(2)(a), the claimants filed suit in improper venue and made service on the defendant’s attorney. It does not show that the defendant himself, Dr. Thompson, was served by process within the prescriptive period.
Service of process interrupts the running of prescription even though the process is defective and subject to exception, if it is sufficient to inform the person served of the legal demands made upon him from the described occurrence. Conner v. Continental Southern Lines, supra at 488, and citations therein. The Conner court added:
*556 However, the proper person, as designated by law, must be served before service of process will interrupt the running of prescription. The Code of Civil Procedure does not authorize that a distinction be drawn between the persons to be served for the purpose of interrupting prescription and those to be served for other purposes.
Id,.; Giovingo v. Dunn, 11-781 (La.App. 5 Cir. 3/13/12), 90 So.3d 1098, unit denied, 2012-0831 (La.5/25/12), 90 So.3d 418; Jinright v. Glass, 06-888 (La.App. 5 Cir. 2/27/07), 954 So.2d 174, writ denied, 2007-0570 (La.5/4/07), 956 So.2d 618; Mejia v. Lineas Marítimas de Santo Domingo, 570 So.2d 548 (La.App. 4 Cir.1990). This record clearly shows that the proper person was not served within the prescriptive period.
We have closely considered the contrary authority cited by the claimants. In Doe v. Delta Women’s Clinic, supra, the court did indeed approve of service on the defendant’s attorney of record, rather than on its 1 «¡registered agent for service, as sufficient to satisfy Art. 3462.[3] However, the court then held even with the interruption, the claim was prescribed for failure to file suit within three years under a special statute, La. R.S. 9:2800.12 A. In light of this analysis, we consider the court’s comments about Art. 3462 to be dicta. The unpublished opinion of Foster v. Foster, supra, also found service on the ex-wife’s attorney counted as service on the ex-wife herself, but explicitly premised this on the finding that her previous attorney had executed a waiver of citation and service, under La. C.C.P. art. 1201 B, which had never been revoked.[4] By contrast, the instant record contains no waiver of citation and service. Doe and Foster are therefore factually distinguished from the instant case and simply do not support the claim to deviate from the rule of Art. 3462.
This court is sensitive to the tenet that prescriptive statutes must be narrowly construed against prescription and in favor of the claim. Bailey v. Khoury, supra; Hammond v. St. Francis Med. Ctr., 45,263 (La.App.6/2/10), 38 So.3d 1270; Abels v. General Motors Corp., 39,489 (La. App. 2 Cir. 4/6/05), 899 So.2d 810, writs denied, 2005-1182, 2005-1193 (La.1/27/06), 922 So.2d 542. However, we find no ambiguity in Art. 3462 and no special facts, similar to those presented in Doe and Foster, that would permit us to circumvent the rule. While the claimants’ initial suit in the wrong parish placed Mr. Noah on notice, to equate this with notice on Dr. Thompson would effectively repeal Art. 3462. The district court did not err in 1 (¡sustaining Dr. Thompson’s declinatory and peremptory exceptions.
The judgment is therefore affirmed. Costs are to be paid by the claimants, Dr. Donald R. Williams, Solomon Williams Sr. and Londura Williams Jr.
AFFIRMED.

. Londura Williams Jr.'s first name is spelled "Londra” in the original petition and the caption of the case.

. The Ouachita Parish petition is not included in the instant record, but all parties concede it requested service on Mr. Noah, not on Dr. Thompson.

. Notably, the defendant in Doe was a corporation, a juridical person on which actual service cannot be effected except through an agent.

. La. C.C.P. art. 1201 B states, "The defendant may expressly waive citation and service thereof by any written waiver made part of the record.”